UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASSOCIATED BANC-CORP.,

        Plaintiff,

v.                                               Case No. 06-C-1097

JOHN H. HARLAND CO.,

        Defendant.

**DECISION AND ORDER**

Defendant John H. Harland Co. (Harland), a Georgia corporation, has moved to dismiss the plaintiff's claim for unjust enrichment, one of two claims the plaintiff brought in a complaint it filed on October 20, 2006. According to the complaint, Harland is a provider of checks to banking institutions. Harland agreed with plaintiff Associated Banc to provide Associated's customers with checks for four years or until the agreement was terminated. After Associated terminated the agreement (with the proper notice required under that agreement), Harland promised to forward any orders it received to the new supplier chosen by Associated. Nevertheless, Harland continued to take some 12,433 orders for checks that it received from Associated's customers. Associated claims that these check orders constituted a benefit that Harland was not entitled to receive, which in the plaintiff's view constitutes unjust enrichment.

Harland moves to dismiss the unjust enrichment claim on two grounds. First, it asserts that the agreement between the parties governs the dispute rather than principles of equity. Second, it claims the plaintiff suffered no injury and therefore lacks standing to bring an unjust enrichment claim.

Because the matter is before me on a motion to dismiss, the complaint's allegations control, *Delgado v. Jones,* 282 F.3d 511, 515 (7th Cir. 2002), and the complaint sets forth the claim with brevity:

> Harland indicated to Associated that it would refer any check orders received after the effective date of the termination of the Agreement, that being May 9, 2006, to a company with which Associated contracted to provide those services. After May 9, 2006, Harland refused to provide approximately 12,433 orders to the company with which Associated had contracted to provide those services.

(Compl. ¶ 11.) Further, the complaint alleges, "[a]s a result of the allegations contained in Paragraph 11, a benefit has been conferred upon Harland by Associated." (Compl. ¶ 12.)

**I. Existence of a Contract Precludes Resort to Unjust Enrichment**

As noted, the defendant raises two arguments in support of its motion to dismiss. The first of these relies on the general rule that when two parties have entered into a contract, a claim for unjust enrichment is barred unless the claim arises from aspects of the business relationship not within the scope of the contract. *Meyer v. The Laser Vision Institute,* 2006 WI App 70, 714 N.W.2d 223, 230 (Wis. Ct. App. 2006). Unjust enrichment is an equitable remedy premised on compensating a party for an unbargained-for benefit it provided. When the parties *have* bargained for certain benefits, it makes no sense to resort to anything other than the bargain initially struck, or else the disappointed party could obtain benefits after the fact that he was unable to obtain during negotiations.

Associated does not argue that the dispute at issue here exceeds the scope of the contract the parties signed. Instead, it argues the existence of a contract is not damning because any enrichment occurred *after* Associated terminated the contract, and the claim is based on Harland's refusal to refer some 12,433 check orders to another company following that termination. Yet the fact that

2

the contract may have been terminated is irrelevant to the question of whether a contract governed the business relationship between the parties as to the dispute in question. As the Seventh Circuit has noted,"[t]he reason for prohibiting a claim of unjust enrichment between contracting parties is to prohibit a party whose expectations were not realized under the contract from nevertheless recovering outside the contract." *Utility Audit, Inc. v. Horace Mann Service Corp.,* 383 F.3d 683, 689 (7th Cir. 2004) (citing Illinois law). Thus, it does not matter whether the contract has expired or not; what's important is whether the agreement covered the general scope of the business relationship at issue and whether it was the sort of thing that might have been accounted for in the contract. "In determining whether a claim falls outside a contract, the subject matter of the contract governs, not whether the contract contains terms or provisions related to the claim." *Id.*

Indeed, another Seventh Circuit case (applying similar Illinois law) found a plaintiff barred from asserting unjust enrichment following the termination of a contract.

> After Heinold terminated the contract, it retained many of FCT's customers. FCT claimed that retention of those customers unjustly enriched Heinold because Heinold no longer divided its sales commissions with FCT. . . . Under Illinois law, a plaintiff may not state a claim for unjust enrichment when a contract governs the relationship between the parties. . . .The fact that the agreement between Heinold and FCT did not explicitly provide for allocation of customers or commissions upon termination does not allow FCT to now invoke a quasi-contract remedy. In entering into the agreement, FCT assumed the risk of losing customers to Heinold in return for Heinold's trading services. FCT could have, but did not provide for the allocation of this risk under the terms of the contract. FCT may not unilaterally alter the terms of the contract by now claiming unjust enrichment.

*First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1011 (7th Cir. 1985) (citations omitted).

Here, just as in *Heinold,* the claim asserts that the defendant wrongfully continued to do business with customers even after the contract was terminated. The fact that the enrichment

3

occurred after the contract was terminated does not mean the dispute should not have been accounted for in the contract: "[t]he fact that the agreement . . . did not explicitly provide for allocation of customers or commissions upon termination does not allow FCT to now invoke a quasi-contract remedy." *Id.* Indeed, when a contract like the one at issue here involves the provision of services to third parties who are apparently outside the control of the plaintiff (Associated's customers), one would expect that the contract would spell out the supplier's duties in the event of early termination. Accordingly, given the existence of a contract between the parties, the unjust enrichment claim must be dismissed.

**II. Complaint Fails to State a Claim for Unjust Enrichment**

I also conclude that, even apart from the existence of a contract, the unjust enrichment claim fails as a matter of law. An unjust enrichment claim requires proof of three elements: (1) a benefit that has been conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the benefit; and (3) acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment. *Staver v. Milwaukee County,* 2006 WI App 33, 712 N.W.2d 387, 393 (Wis. Ct. App. 2006). The claim alleged in the complaint has difficulty meeting aspects of all three of these elements. First, it is doubtful that providing checks to Associated's customers is the sort of "benefit" that would be considered unjust enrichment. Unjust enrichment involves getting something for nothing, not providing a product for a price: "recovery for unjust enrichment is based upon the inequity of allowing the defendant to *retain a benefit without paying for it . . .*" *Ramsey v. Ellis,* 484 N.W.2d 331, 333 (1992) (italics added). The typical case involves a plaintiff who performs services or provides valuable goods to a defendant, who knowingly accepts the goods or services without payment. *See, e.g., Boulanger*

4

*Const. Co., Inc. v. United Fire and Cas. Co.*, 2005 WI App 1, 2004 WL 2676561, *3 (Wis. Ct. App. 2004) (subcontractor may seek recovery directly from homeowner for additional work performed to owner's benefit).

The plaintiff describes the "benefit" conferred upon the defendant as Harland's continued providing of checks to Associated's customers even after the agreement between plaintiff and defendant was properly terminated. But by providing checks to Associated's customers, it is difficult to say that Harland was "retaining" any benefit "without paying for it." It is thus doubtful that Harland's refusal to forward check orders to another company was the sort of "enrichment" meant to be remedied by resort to principles of equity, and Associated has not provided any precedent for finding that Harland's continued performance under a terminated contract constitutes "enrichment."

In any event, the defendant focuses on the fact that any benefit Harland did receive was not conferred upon it by the plaintiff, another requirement of an unjust enrichment claim.[1] *Staver,* 712 N.W.2d at 393; *Halverson v. River Falls Youth Hockey Ass'n,* 593 N.W.2d 895, 900 (Wis. Ct. App. 1999) ("A plaintiff may recover on a quasi-contract claim for unjust enrichment when the plaintiff has conferred a benefit upon the defendant . . .") Two reasons suggest themselves. First, any profits Harland made on the additional checks it provided (the extent of any benefit it received) did not

---

[1]The defendant frames this issue as one of Article III standing, arguing that the plaintiff has suffered no injury. Although the questions involve similar factual issues, I conclude that the plaintiff might indeed have standing if it alleges, for example, that its customers (on whose behalf it is negotiating) were forced to deal with a check provider not authorized to provide them with checks. It could assert an injury-in-fact resulting from the fact that the defendant failed to live up to a promise it made it. Perhaps its business suffered. Although I conclude herein that Associated is not entitled to recoup any "benefit" Harland may have received, i.e., that it is not a proper party to assert unjust enrichment, this is not the same as concluding that Associated itself has suffered no injury.

come at Associated's expense but at the expense of either Associated's customers or the new company that Associated had chosen to provide the checks. That is, even if (in the abstract) Associated were to show that Harland was unjustly enriched, it would make no sense to turn around and award Harland's unjust profits to *Associated*. Second, by its own admission, Associated terminated the check agreement with Harland. If Harland chose to continue providing services to Associated's customers, it necessarily did so *despite* Associated's wishes. Accordingly, unlike the contractor who performs valuable services that enrich a homeowner, Associated cannot now claim that it somehow "conferred" any benefit on the defendant. In sum, even if Harland received some unjust benefit, that benefit was not one conferred by the plaintiff.[2]

Associated protests that the focus should be on the defendant's enrichment, not on the plaintiff's own losses: "[D]amages in an unjust enrichment claim are measured by the benefit conferred upon the defendant." *Ramsey v. Ellis,* 484 N.W.2d 331, 333 (1992). While superficially true, the distinction made by the *Ramsey* court arose only in the context of whether the damages were based on quantum meruit or on unjust enrichment. In *Ramsey,* upon which Associated relies, the court reiterated that one of the elements of unjust enrichment is that the benefit must be conferred upon the defendant *by the plaintiff*. *Id.* at 333. Indeed, no case holds that *any* plaintiff may bring a claim for unjust enrichment regardless of whether that plaintiff suffered a loss linked to the enrichment. Such a result finds no basis in law or equity.

---

[2]To the extent Associated suffered financial loss, that loss may be recoverable in some other fashion. If it asserts that its contract (or some other agreement) with Harland required Harland to cease providing checks to its customers, it may sue Harland for breach of that agreement and recover any losses it sustained.

6

In sum, accepting all of the complaint's allegations as true, and taking them in the light most favorable to the plaintiff, I conclude that it fails to state a claim for unjust enrichment. That claim, accordingly, is **DISMISSED**.

**SO ORDERED** this      11th      day of January, 2007.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

7

Case 1:06-cv-01097-WCG   Filed 01/11/07   Page 7 of 7   Document 15